UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JAMES G. MORGAN and
JEREMY P. SAPERSTEIN,

                      COMPLAINT

                Plaintiffs,

           -against-

COUNTY OF NASSAU, MICHAEL J. LEONE, "FRANK"
FUSAR, "MICHAEL" McGAR, and "JOHN DOE #1-12"
(being and intended to be all the police officers involved
in the arrest of plaintiffs), FRANK A. RUVOLO, "JOE"
JACOBSON, and "RICHARD ROE # 1-12" (being and
intended to be all the police officers involved in the
interrogation and processing of the arrest), and
KATHLEEN M. RICE,

                Defendants.

CV-13 6524
BIANCO, J.

----------------------------------------------------------X

        The plaintiffs, JAMES G. MORGAN and JEREMY P. SAPERSTEIN, through their attorney, HARRY H. KUTNER, JR., complaining of the defendants, respectfully allege:

### JURISDICTION

        1.    That this claim arises under the laws of the United States, particularly 42 USC §§ 1983, 1985 and 1988, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

pendent New York State law.

2. That this Court has jurisdiction over these claims under and by virtue of and 28 USC §§ 1331 and 1343.

## PARTIES

3. That at all times hereinafter mentioned, the plaintiff, JAMES G. MORGAN, was and still is a resident of Uniondale, County of Nassau, State of New York, and a person within the jurisdiction and entitled to the protection of the laws of the United States of America.

4. That at all times hereinafter mentioned, the plaintiff, JEREMY P. SAPERSTEIN, was and still is a resident of Levittown, County of Nassau, State of New York, and a person within the jurisdiction and entitled to the protection of the laws of the United States of America.

5. That at all times hereinafter mentioned and upon information and belief, defendant, MICHAEL J. LEONE (hereinafter referred to as "Leone"), was a police officer in the employ of defendant, COUNTY OF NASSAU (hereinafter referred to as "County"), and a resident of the State of New York and a citizen of the United States.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

6. That at all times hereinafter mentioned and upon information and belief, defendant, "FRANK" FUSAR (hereinafter referred to as "Fusar"), was a police officer in the employ of defendant, COUNTY, and a resident of the State of New York and a citizen of the United States.

7. That at all times hereinafter mentioned and upon information and belief, defendant, "MICHAEL" McGAR (hereinafter referred to as "McGar"), was a police officer in the employ of defendant, COUNTY, and a resident of the State of New York and a citizen of the United States.

8. That at all times hereinafter mentioned and upon information and belief, defendants, "JOHN DOE # 1-12", were any other police officers in the employ of defendant, COUNTY, and residents of the State of New York and citizens of the United States., who were involved in the arrest of plaintiffs.

9. That at all times hereinafter mentioned and upon information and belief, defendant, FRANK A. RUVOLO (hereinafter referred to as "Ruvolo"), was a police officer in the employ of defendant, COUNTY, and a resident of the State of New York and a citizen of the United States.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

10. That at all times hereinafter mentioned and upon information and belief, defendant, "JOE" JACOBSON (hereinafter referred to as "Jacobson"), was a police officer in the employ of defendant, COUNTY, and a resident of the State of New York and a citizen of the United States.

11. That at all times hereinafter mentioned and upon information and belief, defendants, "RICHARD ROE # 1-12" (hereinafter referred to as "Roe"), were any other police officers in the employ of defendant, COUNTY, and residents of the State of New York and citizens of the United States, who were involved in the post-arrest interrogation and processing of plaintiffs.

12. That at all times hereinafter mentioned, the names of defendants, "JOHN DOE 1-12" and "RICHARD ROE 1-12", are fictional and intended to be the as yet unidentified police officers who were involved in the arrest, interrogation, and processing of plaintiffs.

13. That at all times hereinafter mentioned and upon information and belief, defendant, COUNTY, was and still is a municipal subdivision of the State of New York and the employer of the individual defendants.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

14. That at all times hereinafter mentioned and upon information and belief, defendant, KATHLEEN M. RICE (hereinafter referred to as "Rice"), was and still is the chief prosecutor and District Attorney of defendant, COUNTY.

15. That at all times hereinafter mentioned and upon information and belief, the aforementioned individual defendants are named herein both personally and in their official representative capacities as employees or officials of defendant, COUNTY.

16. That at all times hereinafter mentioned and upon information and belief, each and all of the acts of the individual defendants alleged herein were done by them under color and pretense of the statutes, laws, ordinances, regulations, customs and usages of the State of New York and the defendant, County, and under and by virtue of their authority as a police officers and detectives in the State of New York and employees of said defendant, County, and in concert with persons who were acting under color and pretense of the statutes, laws, ordinances, regulations, customs and usages of the State of New York and defendant, County.

17. That as a result of the conduct herein complained,

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

defendant, COUNTY, is liable for the individual defendants' acts pursuant to the doctrine of respondent superior, and/or pursuant to their official policies and forebearances, and/or pursuant to State of New York and Nassau laws, ordinances, and/or employment-indemnity contracts.

## JURY DEMAND

18. That plaintiffs demand a trial by jury of all issues.

## AS AND FOR A FIRST CLAIM FOR RELIEF

19. That on or about May 22, 2012, plaintiffs were sitting in a car eating food on a public roadway in the County of Nassau and State of New York.

20. That defendants, LEONE, FUSAR, McGAR and "JOHN DOE # 1-12," without warrant or other authority, in police cars and uniforms, surrounded plaintiffs, with guns drawn, and ordered them to get out of the car.

21. That said defendants, LEONE, FUSAR, McGAR and "JOHN DOE # 1-12," then warrantlessly searched the plaintiffs, arrested, and

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

handcuffed them.

22. That said defendants, LEONE, FUSAR, McGAR, and "JOHN DOE # 1-12," then warrantlessly searched plaintiffs' car.

23. That said defendants, LEONE, FUSAR, McGAR, and "JOHN DOE # 1-12," refused to tell plaintiffs why they had been arrested.

24. That said defendants, LEONE, FUSAR, McGAR, and "JOHN DOE # 1-12," never advised the plaintiffs of their *Miranda* rights.

25. That said defendants, LEONE, FUSAR, McGAR, and "JOHN DOE # 1-12," held the plaintiffs in the open in pouring rain for hours, uncertain of the propriety of their arrest of the plaintiffs.

26. That said defendants, LEONE, FUSAR, McGAR, and "JOHN DOE # 1-12," refused plaintiffs' requests to call parents, family, and attorneys.

27. That upon information and belief, said defendants, LEONE, FUSAR, McGAR, and "JOHN DOE # 1-12," conducted an impermissible and highly-suggestive "show-up" of the plaintiffs to the alleged

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

crime victim.

28. That said arrests and searches of the plaintiffs were unlawful as without warrant or probable cause.

29. That said defendants, LEONE, FUSAR, McGAR, and "JOHN DOE # 1-12," then placed the handcuffed plaintiffs in police cars and transported them to a police precinct house.

30. That said defendants, LEONE, FUSAR, McGAR, and "JOHN DOE # 1-12," then transferred supervision and control of plaintiffs to the plainclothes and/or detective defendants, RUVOLO, JACOBSON, and "RICHARD ROE # 1-12."

31. That said plainclothes and/or detective defendants, RUVOLO, JACOBSON, and "RICHARD ROE # 1-12", never advised plaintiffs of their *Miranda* rights.

32. That said plainclothes and/or detective defendants, RUVOLO, JACOBSON, and "RICHARD ROE # 1-12", interrogated plaintiffs.

33. That said plainclothes and/or detective defendants,

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -8-

RUVOLO, JACOBSON, and "RICHARD ROE # 1-12", refused to even tell plaintiffs why they had been arrested for an extended period.

36. That said plainclothes and/or detective defendants, RUVOLO, JACOBSON, and "RICHARD ROE # 1-12", lied, berated, ranted and raved at plaintiffs, ridiculed them, and called plaintiff, SAPERSTEIN, a "retard."

35. That upon information and belief, said plainclothes and/or detective defendants, RUVOLO, JACOBSON, and "RICHARD ROE # 1-12", conducted an impermissible and highly-suggestive "show-up" of plaintiffs to the alleged crime victim.

36. That despite no probable cause to further hold plaintiffs for the reported attempted robbery, and specifically and expressly in order to "close out the crime report by arrest," and to cover-up for the unlawful, gun-point arrest, and absolve all defendants of civil liability, said individual defendants refused to release plaintiffs and instead filed false charges against them.

37. That plaintiffs were charged with attempted robbery

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -9-

second degree (two counts) and criminal possession of a weapon fourth degree.

38. That said charges were without any cause or basis.

39. That said charges were knowingly false.

40. That upon information and belief, said charges were filed in the expectation that plaintiffs would resolve them by plea bargaining through unaggressive defense attorneys since they and their families were of lower income and modest means, and all said defendants would never have to answer for their constitutionally-violative actions.

41. That thereafter and upon information and belief, defendant, RICE, and her Nassau County prosecutors, similarly tried to cover-up said individual defendants' misconduct by attempting to scare plaintiffs into pleading guilty, and refused to investigate plaintiffs' claims of innocence, and rushed the case into the grand jury before a proper investigation had been completed, and engaged in improper, unlawful and unethical tactics in the grand jury to steer it into indicting plaintiffs, by mischaracterizing, undermining and withholding exculpatory evidence,

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -10-

introducing irrelevant, inflammatory and misconstrued information, engaging in highly-improper cross-examination of plaintiffs to mislead the grand jury, and finally charged the grand jury into their indictment despite the non-existence of sufficient evidence to believe they committed the crimes, and despite the existence of conclusive evidence that they actually were innocent.

42. That upon information and belief, and as importuned by defendant, RICE's assistants, said individual defendants testified falsely and misleadingly against plaintiffs in the grand jury.

43. That the aforementioned police and prosecutorial misconduct was the product of an atmosphere of joint cooperation and mutual protection between Nassau County prosecutors and police, resulting in a course of conduct and style of behavior in which Justice is not the motive and goal, but arrests, financial reward, career promotions, and conviction statistics determine actions and inactions.

44. That as a result of the foregoing, and upon information and belief, said individual defendants were not governed by altruistic duty, nor a positive motive of professional pride to do a good job, nor a fear of

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -11-

occupational hindrance for not doing so, but by mercenary motives of overtime pay, promotion, and pension increases, ironically and diabolically more lucrative if as in this case innocent individuals were charged.

45.   That as a result of the foregoing, plaintiffs have been deprived of the following rights, privileges and immunities secured to them by the Constitution and the laws of the United States:  the right to speak and associate freely and to enjoy personal liberty and freedom of movement and assembly under the First and Fourteenth Amendments; the right to be secure in person and effects against an unreasonable and unlawful search and seizure under the Fourth and Fourteenth Amendments; the right not to be stopped, detained, arrested nor falsely charged without due and probable cause under the Fourth, Fifth, Sixth and Fourteenth Amendments; the right not to be falsely stopped, detained and arrested, nor to be deprived of their lives, liberty or property without due process of law, and the right to the equal protection of the laws under the Fourth, Sixth and Fourteenth Amendments; the right not to be deprived of liberty without due process of the law under the Fifth and Fourteenth Amendments; the right to be timely informed of the nature and cause of the arrest and accusations, and to have sworn truthful accusations made against them under the Fifth, Sixth and

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

46. That as a result of the foregoing, plaintiffs have suffered the loss of freedom, mental and emotional distress, and incurred lost income, attorneys' fees and court expenses, and other consequential damages.

47. That as a result of the foregoing, plaintiffs have suffered a loss of their sense of security and trust in the protection government is supposed to provide through its police and prosecutors, and instead believe and fear harm from them.

48. That a result of the foregoing, plaintiffs have suffered and will continue to suffer permanent consequential emotional fear and a lack of comfort and safety.

49. That as a result of the foregoing, plaintiffs have been unable to carry on their usual daily activities, life and style of living as they did prior to this incident and the aftermath.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

Page -13-

50. That as a result of the foregoing, plaintiffs are each entitled to compensatory damages against defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus an injunction ordering said individual defendants and their employer, defendant, COUNTY, to issue a press release of equal and same time-of-day and week release, apologizing to plaintiffs for their misconduct, plus an award pursuant to 42 U.S.C § 1988 for attorneys' fees, costs and disbursements as provided by law, and for any such other and further relief which is just, equitable, and proper.

## AS AND FOR A SECOND CLAIM FOR RELIEF

51. That plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "50" as though more fully set forth herein at length.

52. That upon information and belief, said defendants drafted and disseminated press releases naming plaintiffs and listing their addresses.

53. That said conduct is not part of the proper duties and

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

responsibilities of a police force nor prosecutor's office.

54. That said release, in light of plaintiffs' innocence, and defendants' knowledge that plaintiffs were not involved, was maliciously and deliberately designed to curtail and inhibit plaintiffs from asserting their innocence, and to force them to take the practical course of pleading guilty.

55. That said release was false and defamatory.

### AS AND FOR A THIRD CLAIM FOR RELIEF

56. That plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "55" as though more fully set forth herein at length.

57. That plaintiffs were falsely arrested and imprisoned by the police defendants.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

58. That plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "57" as though more fully set forth herein at length.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

59. That said individual defendants used their authority as police-peace officers to intimidate, scare, and upset plaintiffs.

60. That said individual defendants did not act to find out the "Truth," but to scare plaintiffs into confessing whether or not they did the acts.

61. That said individual defendants intended to place plaintiffs in fright, fear, and emotional distress.

62. That said individual defendants intended to intimidate plaintiffs into falsely confessing their participation, and later from filing criminal or professional disciplinary charges against them.

63. That said individual defendants caused plaintiffs emotional distress.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

64. That plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "63" as though more fully set forth herein at length.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

65. That said criminal charges were knowingly false when filed.

66. That said criminal charges were malicious.

67. That all said charges were dismissed.

### AS AND FOR A SIXTH CLAIM FOR RELIEF

68. That plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "67" as though more fully set forth herein at length.

69. That said individual defendants abused the legitimate and authorized criminal processes of the State of New York for the motives aforementioned.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF

70. That plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "69" as though more fully set forth herein at length.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

71.    That said individual defendants conspired to deprive plaintiffs of their civil rights by the aforementioned conduct.

### AS AND FOR AN EIGHTH CLAIM FOR RELIEF
### AGAINST DEFENDANT, COUNTY ONLY

72.    That plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "71" as though more fully set forth herein at length.

73.    That upon information and belief, before, on and after May 22, 2012, defendant, COUNTY, and its police officer defendants, through its elected officials and high-ranking police and other policy-making officials, failed to properly train and re-train its police officers and detectives, and/or to properly investigate cases involving misconduct including the improper use of authority by police officers and detectives, nor to impose disciplinary penalties for such misconduct, because it would be severely criticized and hamper careers, and be politically disadvantageous in seeking police unions' support in elections, and agreed to contracts permitting police misbehavior without recrimination, and in so doing *de facto* encouraged condonation and cover-ups, and failed to discourage police misbehavior and other

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

misconduct, resulting in the false arrest and false imprisonment of innocent citizens including plaintiffs, and thereby operated under an official custom or policy of tacit approval, consent, acquiescence or condonation of such misconduct, for motives of political gain and professional acclaim, and avoidance of civil liability for errors.

74. That upon information and belief, defendant, COUNTY, and its police officer defendants, adopted, covered-up and condoned, both by acting and by failing to act, and established a policy of implicit approval of misconduct by their police officers.

75. That as a result of the foregoing, plaintiffs were caused to be denied their constitutional and civil rights as aforesaid.

WHEREFORE, plaintiffs, JAMES G. MORGAN and JEREMY P. SAPERSTEIN, demand that judgment be entered in each of their favor and against defendants on all or any of the claims for relief as follows:

    a. on the first claim for relief, for compensatory damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus punitive damages

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400

        in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus an award pursuant to 42 U.S.C § 1988 for attorney's fees, costs, and disbursements of the action; and/or

b.    on the second through eighth claims for relief, for compensatory damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS, plus punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS; and/or

c.    for any such other and further relief which is just, equitable, and proper.

Dated: Mineola, New York
November 25, 2013

*[signature]*
HARRY H. KUTNER, JR., ESQ.
(#69497)
Attorney for plaintiffs
136 Willis Avenue
Mineola, New York  11501
(516) 741-1400
File # 162-4518

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
136 WILLIS AVENUE
MINEOLA, N.Y. 11501
(516) 741-1400